·Levi McCourtie, garnishee, &c., plaintiff in error, *v.* Alexander C. Davis, defendant in error.

*Error to Jo Daviess.*

Where the statute has provided remedies by writ of *scire facias,* or summons in the nature of a *scire facias,* which were unknown to the Common Law, and which are of a personal character merely, the same must be executed, like any other ordinary process, by personal service on the parties.

Two returns of *nihil* are not sufficient to charge a garnishee with the debt and costs recovered against the principal defendant.

Foreign Attachment in the Jo Daviess Circuit Court, brought by the defendant in error against Isadore Lupier, as principal defendant, and the present plaintiff in error as garnishee, at the June term 1843. The principal defendant made default, and a conditional judgment was taken by default against the garnishee. Two writs of *scire facias* were issued against the latter, which were returned "*non est inventus*" at the June term 1844, and a final judgment rendered by default against the garnishee for $98·84, and costs.

At the March term 1845, the Hon. Thomas C. Browne presiding, the garnishee, upon affidavit filed setting forth that he had never before that time known of a judgment having been rendered against him, and also, that he never

was indebted in any way to the principal defendant, and never had any effects in his hands belonging to the said defendant, moved the Court to set aside the default, and permit him to come in and make full, perfect and true answers, which the Court refused to do.

The cause was brought into this Court by writ of error. Several errors were assigned, but the counsel for plaintiff relied upon the following only, to wit: that it was error for the Court to enter final judgment against the garnishee, upon the return of two writs of *scire facias, "nihil."*

*S. T. Logan,* for the plaintiff in error.

*T. Campbell,* for the defendant in error.

The Opinion of the Court was delivered by

PURPLE, J.*   This was a *foreign attachment* suit brought by Alexander C. Davis against Isadore Lupier in the Jo Daviess Circuit Court.   Levi McCourtie, the present plaintiff in error, was summoned as a garnishee.

At the June term 1843, being the term to which the attachment was returnable, a judgment was rendered against the defendant in the attachment suit on proof of publication against him, and a conditional judgment against McCourtie, he failing to appear, or answer the interrogatories filed, and a *scire facias* awarded against him to show cause why the judgment should not be made absolute, and execution issued against him for the amount of said judgment.   This was returned *nihil,* and an *alias* issued, which, on the eleventh day of March, 1844, was returned in the same manner. Whereupon, judgment absolute was rendered against him for $98·84, and costs.

The question presented by the record is, whether the judgment against McCourtie, as garnishee, was regular. This is a question of much importance, and by no means free from embarrassment.   There are numerous instances in

---

* WILSON, C. J., and Justices LOCKWOOD and CATON did not in this case.

which, by the provisions of the statutes of this State, a *scire facias* is directed to be issued, and upon the due service of which parties are to be made liable, and amerced in penalties and damages; and if we now solemnly decide that, in this case, a return of two *nihils* is equivalent to actual service, we establish the doctrine that, in numerous instances, the legislature of this State have intended that parties should be bound in mere personal actions, by a judgment rendered against them, upon constructive notice only.

I will proceed to notice the cases in which this remedy by *scire facias,* has been given by our statutes, to wit:

*First.* When one or more persons composing a company shall be sued, and shall plead in abatement, that all those who should have been made defendants are not joined, the plaintiff may have a *scire facias* against the persons named in the plea. Rev. Stat. 43, §3.

*Second.* Where one or more of the defendants are not served with process, the plaintiff may proceed to judgment against those who have been served, and at any time afterwards may have a summons, in the nature of a *scire facias,* against those not served, to make them parties to the judgment. Ib. 414, §6.

*Third.* In cases when any person shall die seized of real or personal estate without any devise thereof, and leaving no heirs, representatives, or devisees capable of inheriting, or holding the same, it is made the duty of the Attorney General, or Circuit Attorney, to file an information in behalf of the State in the Courts where the lands are situated; whereupon, the Court shall issue a *scire facias* against the party who shall possess, hold, or claim such estate. Ib. 225, §§ 1, 2.

*Fourth.* In cases of suits on the official bonds of justices of the peace and constables, judgment shall be rendered for the penalty of the bond, and after the same shall have been obtained, execution from time to time shall be awarded against the defendant or defendants, for the violation of any of the provisions of chapter fifty nine of the Revised Statutes. But no such execution shall issue, until the defendants shall be summoned by a writ of *scire facias* in the usual form, to

appear and show cause why such execution shall not be awarded. Ib. 332, §§ 121, 122.

*Fifth.* In cases where suits are brought upon the statute to recover the penalty for cutting timber upon land belonging to another, and the defendant shall set up title to the land, and shall give security to prosecute his claim or title to effect, on forfeiture of the bond, or recognizance taken by the justice, the party in whose favor the same is made, may, by a writ or writs of *scire facias* proceed to judgment and execution thereon. Ib. 526, §§ 2, 3.

*Sixth.* Where a recognizance is taken upon a complaint made before a justice of the peace, for the appearance of the party charged for further examination at some future time, and he fails to appear, the justice is to certify the same to the Circuit Court, that a *scire facias* may issue thereon, or an action of debt may be brought for the recovery of the penalty. Ib. 581, §§ 1, 2.

*Seventh.* In cases of mortgaged lands. Ib. 304, § 23.

*Eighth.* Judgments in any Court of record in this State may be revived by *scire facias,* or action of debt may be brought thereon, within twenty years next after the date of such judgment. Ib. 349, §5.

*Ninth.* In all cases of bail for the appearance of any person charged with any criminal offence. R. L. 216, § 186.

*Tenth.* In the present case, when any garnishee shall be summoned by the sheriff, or other officer, and shall fail to appear, and discover on oath or affirmation, as directed, (by the attachment Act) it shall be lawful for the Court, after solemnly calling such garnishee, to enter a conditional judgment against him, and, thereupon, a *scire facias* shall issue against such garnishee, returnable to the next term of the Court, to show cause, if any he have, why final judgment should not be entered against him. Upon such *scire facias* being duly executed and returned, if such garnishee shall fail to appear accordingly, and discover on oath or affirmation in the manner aforesaid, the Court shall confirm such judgment and award execution for the plaintiff's whole judgment and costs.

From the perusal of these various Acts, the first impression which is naturally forced upon the mind is, that the legislature in their several enactments have failed to make any legal discrimination between a *scire facias* and an ordinary summons.

In the first case to which I have referred, of a *scire facias* to make other defendants when a plea in abatement had been interposed, in the fourth section of the same it is provided, that if the persons named in such plea cannot be served with process, the plaintiff, or plaintiffs, on the return of such summons, may suggest on the record the names of those not served, and proceed as in other cases in which service is made on part of the defendants only. Thus, in this case, it is indisputable, that it was not contemplated by the legislature, that the return of two *nihils* should constitute a service.

And in the second case, when process has not been served upon all of the defendants, and judgment has been rendered against those served, the plaintiff may have a summons, in the nature of a *scire facias*, against those not served with the first process, to cause them to appear, and show cause why they should not be made parties to the judgment, and the Court is to hear and determine the matter in the same manner as if such defendants had been originally summoned, or brought into Court.

Also, in the fourth case, before execution is issued against justices and constables upon a general judgment upon their official bonds, the parties are to be summoned by a writ of *scire facias* to show cause why execution should not issue against them for forfeiture, and liabilities accruing on such bonds.

Before we decide, that wherever the Legislature have given the cognomen of *scire facias* to any process authorized to be issued by the Courts, it may not be improper to consider what would be the effect and consequence of such interpretation of the law. It cannot be applied in cases of pleas in abatement, when too few are made defendants, because, in that case, there is an express prohibition against judgment being rendered, except against those who are per-

McCourtie v. Davis.

sonally served with process. But suppose a case, where judgment has been rendered against one of two or more joint contractors, or obligors, and a *scire facias* is issued to make the others parties to the same. It would be the easiest thing imaginable for two unprincipled men, by combination and conspiracy, the one acting as plaintiff and the other as defendant, to bring utter ruin on a third, provided he chanced to live without the limits of the county in which the process issued. It would be necessary to treat him as a joint debtor with the defendant, issue against him two writs of *scire facias*, and before he is aware that any proceeding is pending against him, he is made a party defendant to a judgment, and bound to pay a debt, the existence of which he had never dreamed of. The letter of the law in this case does not, in terms, require a personal service. The process to be issued is called a *scire facias*, and the effect of the proceeding is to charge the party with the payment of a fabricated claim, without actual notice, and without any opportunity to make defence.

Or, take the case of a judgment upon a justice's or constable's official bond. Of the original proceeding to recover the penalty upon a single default, of course the parties all have notice. But on this trial, it is not for once suspected by them that they are informed of all the acts of non-feasance, mis-feasance and defalcations, of which the principal may thereafter be accused; yet, for all these, this judgment stands as security. True, they are to be summoned by a writ of *scire facias* before execution is permitted to be issued against them, and if the return of two *nihils* operates as a service, it may, and often will happen, that the execution would be the first actual notice they would receive of their principal's defalcation or misconduct.

The same remarks might with like propriety be made relative to the other provisions of the statute to which reference has been made.

In the statutory proceeding to acquire title and possession of lands and other property escheated to the State, although a *scire facias* is to issue on the information filed, the requisi-

tion of the law is, that it shall be served upon the person in possession at least fifteen days before the return day thereof, and surely it cannot be the reasonable intendment that two *nihils* returned would be equivalent to such a service.

In the foreclosure of a mortgage by *scire facias*, there is an express provision that a return of two *nihils* shall be sufficient to authorize the judgment, and there is good reason for such distinction. It is a proceeding *in rem*, against the land alone, and the party against whom the same is rendered incurs no personal responsibility. It is assimilated to the doctrine of the common law, which did not permit the issuing of a *scire facias* in any but real actions, where the proceeding was against the thing, and not against the person merely. 6 Bac. Abr. 105, C.

The statute concerning attachments, under which the *scire facias* in this case issued authorizes, in the first place, on the failure of the garnishee to answer when summoned as a garnishee, a conditional judgment to be entered against him, and directs upon such *scire facias* being duly executed and returned, and upon failure of the garnishee to appear and answer, that final judgment shall be entered against him for the amount of plaintiff's debt and costs. In my judgment, the main object contemplated by the legislature in the first summons to the garnishee, which goes out with the attachment, was to bind the effects and property, if any such there might be, of the defendant in the hands of the garnishee, and to prevent his making any disposition of them, until it should be ascertained whether they would be needed to be applied in satisfaction of the plaintiff's claim; and that until the garnishee is summoned by the *scire facias*, afterwards to be issued, he is not bound to presume that any appearance or answer will be required of him.

By a subsequent provision of the same Act he is expressly allowed until the second term after the commencement of the suit, which is also the return term of the *scire facias*, to file his answer to the plaintiff's interrogatories; and unless he is called upon by the process of the Court, to make such answer, he has good right to believe, either that the plaintiff

McCourtie *v.* Davis.

has been able to make his debt by other means, or has become satisfied that he, the garnishee, is without funds or effects belonging to the defendant. Besides, if this constructive notice by two *nihils* is to be deemed a valid service on the garnishee, I can see no reason why the same might not be issued at any period of time, however distant, and, in that event, if one should have the misfortune to be once summoned as a garnishee of an absent or absconding debtor, how long must he watch the Court from which the attachment issued, before he could be legally discharged from the penalties and forfeitures he might incur by the return of *nihil* on two writs of *scire facias.?*

Again, the twenty second section of the Revised Laws of 1833, made provision that attachments should not abate by the death of either party; but upon the happening of such event, the executor or administrator, within three months after the probate of will and letters testamentary, or of administration granted, might cause to be issued by the clerk of the Circuit Court a *scire facias*, returnable to the next term, giving notice of his intention to become a party in the place of the deceased testator or intestate; and the mode of service required was, by four weeks' publication in some newspaper previous to the term of the Court to which such *scire facias* was made returnable. Such was the mode prescribed in attachments, for the service of a *scire facias* upon the real parties in interest in the suit. With how much stronger reason, then, ought we to hold that the garnishee, who has no real interest in the proceeding, should have some kind of notice of a *scire facias* issued against him.

I am aware that in the case of *Cox* v. *McFerron*, Bre. 10, the Supreme Court of this State decided, that upon the statute of this State, as it then existed as against a mortgagor, a return of two *nihils* were equivalent to an actual service. They say that, "it appears by the common law, all writs of *scire facias* were proceeded on in the same manner by the return of two *nihils*," and they might with propriety, have gone still further and said, that at the common law a *scire*

McCourtie v. Davis.

*facias* would not lie, except in real actions, or actions savoring of the realty.

I have examined the statute under which this decision was made, and think the interpretation of it by the Supreme Court by no means a strained construction, and that the decision thus made under it, is not in conflict with the principles I have before advanced. This statute was passed on the twenty second day of March, A. D. 1819, and the fourth section provides, in substance "that if default is made in the payment of any sum of money due upon a mortgage, the mortgagee may sue forth a writ, or writs of *scire facias*, directed to the proper officer, requiring him, by honest and lawful men of his neighborhood, to make known to the mortgagor that he be, and appear, &c."

It seems to me, that in this Act, from the language in which it is couched, the method pointed out by which the service is to be effected, that the common law writ of *scire facias* is pretty distinctly indicated; besides, this is issued upon a proceeding *in rem*, where the common law writ of *scire facias* has always been supposed to lie. No personal judgment is to be entered against the mortgagor.

But if we were to give the common law interpretation and effect to the word "*scire facias*" in every instance where the same occurs in our statutes, and hold that, in actions which have hitherto been merely personal, a return of two *nihils* amounts to actual service on the party, the evils and mischief, which would result would be incalculable, and there would be no security for private rights or property.

On the whole we are of opinion, that when our statute has provided remedies by writ of *scire facias*, or summons in the nature of a *scire facias*, which were unknown to the common law, and which are of a personal character merely, that the same must be executed, like any other ordinary process, by personal service on the parties.

The judgment of the Circuit Court is reversed with costs, and the cause remanded for further proceedings not inconsistent with this decision.

*Judgment reversed.*